Allread, J.
Plaintiff in error, E. J. Cashdollar, contracted with the Board of Education of Jefferson Township Rural School District:
“To furnish horses and drive wagon of Route No. 4 to haul all pupils of said route to and from school for the school year 1918-1919 * * * and also agreeing to abide by and maintain' the rules and regulations adopted by said Board * * *.
“And in consideration of said service the Board of Education agrees to pay to said E. J. .Cash- *299 dollar the sum of Sixty-two dollars and fifty cents ($62.50) for nine months.”
Cashdollar entered upon the performance of the contract. On November 30, 1915, the schools were ordered closed by the Board of Health, and remained closed for the entire month of December. The question here involves the liability to Cash-dollar for the month of December. The question arose upon demurrer to the answer. The answer contained among other things an admission of the terms of the contract and of Cashdollar’s readiness and willingness to comply with the contract during the month of December, and averred that the schools were closed by order of the Board of 'Health and remained closed during said month. It does not appear that the order closing the schools was for any definite period.
The contract undef consideration was an entire contract for the school year of nine months, at a stipulated compensation per month. According to the terms of the contract, if Cashdollar performed, he was entitled to the full compensation provided for. There was no exception relieving either party from the obligation so created.
The Board of Education relies upon an exception created by law. This exception is thus stated in 9 Cyc., 629:
“To the general rule that a party to a contract is not discharged by subsequent impossibility of performance there is an exception where the performance becomes impossible by law, either by reason of
“(1) A change in the law or
*300 “(2) By some action by or under the authority of the government. In such cases the promisor is discharged * * * the exception does not apply, however, where the impossibility created by the law is only temporary.”
Most, if not all, the cases cited by counsel for defendant in error are cases where the future performance of the contract becomes wholly impossible and where both parties were, therefore, discharged. Here the future part of the contract was not wholly impossible. Cashdollar was not wholly relieved from future performance. On the contrary, he was expected to perform the contract except for an indefinite period affected by the order of the Board of Health. It would seem to be reasonable that impossibility of performance by act of law should, to be effective, release both parties to the contract. Cashdollar under the circumstances of this case performed the first clause of the contract, to-wit, to furnish horses, and was ready and willing to perform the other covenants. The order of the board of health being for an indefinite period, Cashdollar was under obligation for every school day to be ready to •comply with the contract, and could not use his ¡horses or employ his own time in any occupation inconsistent with his contract. We think it would, therefore, be unjust to hold Cashdollar and relieve the Board of Education for the indefinite and uncertain period covered by the order of the Board of Health. The exception referred to in the text in Cyc. is applicable to the case at bar. The attorney general in a very elaborate opinion sustained the Board of Education in a contract ma *301 terially different from the one at bar. In the opinion he expressly confines the ruling to the contract under consideration. If the contract in the case at bar could be fairly construed to be one by the day, or by the month, the rule of liability might be different. 'Counsel for the Board of Education rely on the clause making the service subject to the order of the said board; that, however, relates to the manner of service and not to the time, which is definitely fixed by the contract. The board would not, therefore, in our judgment, be relieved from payment of said compensation by said order of the Board of Health suspending schools for an indefinite period.
Judgment of the court of common pleas reversed.

Judgment reversed.

Ferneding and Kunkle, JJ., concur.